Argued and submitted August 12, affirmed September 1,
reconsideration denied October 14, 1982,
petition for review denied January 11, 1983 (294 Or 391)

OWENSBY et ux,
*Appellants,*

*v.*

SCHMIDT et al,
*Respondents.*

(No. 28957, CA A23006)

650 P2d 163

Donald M. Kelley, Silverton, argued the cause for appellants. With him on the brief was Kelley and Kelley, Silverton.

Richard H. Allen, Salem, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM

## PER CURIAM

This was an action for breach of contract and for conversion in connection with the conveyance of an easement by defendants Schmidt to plaintiffs Owensby in May, 1975. Plaintiffs then sold the real property to which the easement was appurtenant to a third party on a land sale contract. Later in 1977, the Schmidts sold the real property subject to the easement to a third party. That last conveyance made no mention of the easement; the easement had not been recorded.

Plaintiffs brought the present action in 1981, apparently because their vendees were being denied use of the easement. The trial court gave defendants Schmidt summary judgment on the theory that, when plaintiffs sold their property on contract, their interest converted to personalty under the doctrine of equitable conversion, so they had no legal interest in the property and were, therefore, not the real parties in interest. Plaintiffs complaint was dismissed. This appeal followed.

We affirm the dismissal of plaintiffs' complaint but on a different basis. We think it clear that, under the operative facts alleged in the complaint (and essentially agreed to by both parties), plaintiffs could not prevail under either a breach of contract or a conversion theory. Nothing defendants Schmidt are alleged to have done could have constituted a breach of any contract pleaded in this case, and defendants' sale of their real property could not have constituted an act of conversion.

Affirmed.